**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

HANSEN BEVERAGE COMPANY,

       Plaintiff,                            Case No. 2:09-mc-50356

v.                                           Hon. Gerald E. Rosen

INNOVATION VENTURES, LLC
d/b/a/ LIVING ESSENTIALS,

       Defendant.

_____/

**ORDER GRANTING**
**MOTION TO QUASH SUBPOENA OF NON-PARTY**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on       June 2, 2009      

PRESENT: Honorable Gerald E. Rosen
                       Chief Judge, United States District Court

By a motion filed March 26, 2009, Non-party Braylon J. Edwards moves to quash the subpoena duces tecum dated March 2, 2009 served by Hansen Beverage Company, the plaintiff in the underlying case. Mr. Edwards argues that complying with the subpoena would constitute an undue burden and that he can offer no relevant information that is not also available from defendant Living Essentials, the company for whom Mr. Edwards appeared as a spokesperson in a televised advertisement. Plaintiff opposes this motion, arguing that the subpoena's requests for deposition and documents are not unduly burdensome and that the factual bases behind Mr. Edwards' statements in the advertisement are relevant to the underlying issue relating to Living Essentials' claims about its 5-hour Energy product, a dietary supplement. For the reasons stated briefly below, the Court finds that the motion to quash the subpoena should be GRANTED.

A trial court may, on a motion by the party seeking relief, quash or modify a subpoena for the production of evidence, on the ground that the request is unreasonable or oppressive. Fed.R.Civ.P. 45(b)(1).  A decision whether to quash a subpoena is made on a case-by-case basis and consists of a balancing of the interests; that is, the Court must weigh the burden of compliance against the potential value of the information sought.  *See Am. Elec. Power Co., Inc. v. United States*, 191 F.R.D. 132, 136 (S.D. Ohio 1999).  The burden of demonstrating undue burden is on the moving party.  *See id*; *Northrop Corp. v. McDonnell Douglas Corp.*, 751 F.2d 395, 403 (C.A.D.C. 1984).  However, the burden of demonstrating relevance is on the party seeking discovery. *See Am. Elec. Power. Co., Inc. v. United States.*, 191 F.R.D. at 136.

Here, plaintiff has not convincingly demonstrated that the subpoena for Mr. Edwards' deposition and the requested documents was reasonably calculated to lead to the discovery of admissible evidence, Fed.R.Civ.P 26(b)(1), to a degree that would justify the burden imposed upon Mr. Edwards were he compelled to comply with the subpoena.

The relevant underlying claim is that Living Essentials engaged in false advertising as defined by the Lanham Act.  A violation of the Lanham Act requires inter alia that defendant make a misrepresentation as to its product, *Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 834-35 (9th Cir. 2002), *cert. denied*, 123 S. Ct. 600 (2002), but this misrepresentation need not be limited to literal falsehoods, *Wildlife Internationale, Inc. v. Clements*, 591 F.Supp. 1542, 1548 (D.C. Ohio 1984).  On the other hand, one should remember that in advertising, text must yield to context.  *See Avis Rent A Car Sys., Inc. v. Hertz Corp.*, 782 F.2d 381, 385 (2d Cir. 1986).  Plaintiff alleges that the claims made in the course of Mr. Edwards' endorsement of 5-hour Energy served as a vehicle for any misrepresentations that Living Essentials made in the marketing of its product.

However, Plaintiff paradoxically takes no issue with Mr. Edwards' words in the advertisement; instead, Plaintiff simply wishes to discover the "factual basis" behind Mr. Edwards' statements (Pl.'s Opp'n Br. 6).  But, distinguishing between Plaintiff's interest in the factual basis for Mr. Edwards' feelings and Plaintiff's lack of interest in the validity of the feelings themselves is no easy task.

For instance, Mr. Edwards states that the "natural energy" lasted "5 hours or so." Braylon Edwards Commercial, http://www.youtube.com/watch?v=N_hPMFHVe8Q.  Ostensibly, the fact that Mr. Edwards truly felt 5 hours of natural energy is uncontested by Plaintiff; yet Plaintiff continues by asserting that "how long . . . Mr. Edwards 'felt' as he says he did is a key issue precisely because Living Essentials' principal defense is that 'energy' should be understood more colloquially to convey an 'energized feeling.'" (Pl.'s Opp'n Br. 6).  Irrespective of how irrelevant the duration of the feeling is to how that feeling should be defined in this case, Mr. Edwards has already explained rather clearly how long he felt as he did.  As Plaintiff's leading example of the potential importance of Mr. Edwards' testimony, this does not bode well for the remainder of the proposed deposition.

Plaintiff cites "rigorous science" as a means by which it knows the importance of the role of other factors, such as caffeine intake and diet, on Mr. Edwards' feelings after using the product (Pl.'s Opp'n Br. 6).  However, "rigorous science" also teaches us that a sample size of n=1 (or even n=3, should all celebrity endorsers of 5-hour Energy be successfully deposed) yields statistically insignificant data as to the effects of a dietary supplement on the average consumer.

Therein lies the most persuasive explanation as to why the subpoena constitutes an undue burden on Mr. Edwards:  based on Plaintiff's brief in opposition, Mr. Edwards was not

subpoenaed because of any special information he has as an endorser, or to contest the truth of his statements, but rather because of his experiences as a simple user of the product.  Even assuming *arguendo* that the type of information sought from Mr. Edwards is relevant to the underlying claim, the insufficiency of the amount of information regarding 5-hour Energy's effects on users that Mr. Edwards's testimony could contribute does not bring it even within the broad standard of Fed.R.Civ.P. 26(b)(1).  At no point in the advertisement did Mr. Edwards indicate that the feelings he felt would be mirrored in other users; he merely conveyed his own experience.  Braylon Edwards Commercial, http://www.youtube.com/watch?v=N_hPMFHVe8Q.  The Court can find no authority related to the Lanham Act in favor of the proposition that Mr. Edwards should be able to "support" the feelings described in his endorsement, (Pl.'s Opp'n Br. 7), and Plaintiff certainly offers none.

With these considerations in mind, it cannot be said that the information sought is not available elsewhere.  Obtaining information available by less-obtrusive means is preferable to involving a non-party.  *See, Graham v. Casey's Gen. Stores*, 206 F.R.D. 251, 254 (D.C. Ind. 2002).  Specifically, the parties themselves may employ experts on the subject of what constitutes "energy," and the parties have access to extant studies (the validity of which being a matter better suited for another discussion) on the effects of 5-hour Energy on its users, to say nothing of the parties' ability to commission additional studies that will yield proper scientific results.  These are sources of information concerning the effect of 5-hour Energy on the average user more readily-available than the recollections of a single deponent, and they will yield the same information.

It also cannot be said that the information sought from Mr. Edwards is sufficiently relevant to justify the subpoena duces tecum.  Relevancy is one of the factors used by courts in

determining the existence of undue burden.  *See Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 49 (S.D.N.Y. 1996), *quoting United States v. Int'l Bus. Mach. Corp.*, 83 F.R.D. 97, 104 (S.D.N.Y. 1979).  Mr. Edwards' personal experience with the product says next to nothing about the product's aggregate effects on many users, all of whom have unique physiologies and habits.

Similarly, the document detailing Mr. Edwards' compensation agreement with Living Essentials is irrelevant to the purposes Plaintiff puts forth for its subpoena, and it also does not appear reasonably calculated to lead to the discovery of admissible evidence under Fed.R.Civ.P. 26(b).  This is especially evident when one accounts for Plaintiff's willingness to take Mr. Edwards' statements as being honest accounts of his feelings.  In so doing, Plaintiff implicitly indicates that it does not plan to claim that Mr. Edwards was influenced to provide misleading information by his compensation or any agreement related thereto.  Mr. Edwards' compensation agreement is therefore irrelevant to any factual bases behind the feelings about which he spoke in the advertisement.

The Court recognizes that Plaintiff has gone to considerable lengths to reduce the burden on Mr. Edwards.  Plaintiff accepts in its opposition brief Mr. Edwards' assertion that almost all of the requested documents are unavailable and therefore only pursues the single remaining document (Pl.'s Opp'n Br. 9).  Further, Plaintiff has offered to travel to Mr. Edwards' workplace and schedule the deposition for a time of Mr. Edwards' choosing (Pl.'s Opp'n Br. 8).  The Court also is not giving credence to any suggestion that Mr. Edwards' compliance with the subpoena is unnecessary because of his particular status as a professional athlete; rather, the Court agrees with Plaintiff that "while the duty [to comply with a subpoena] may be 'onerous' at times, it is 'necessary to the administration of justice.'"  *United States v. Dionisio*, 410 U.S. 1, 10 (1973),

*quoting Blair v. United States*, 250 U.S. 273, 281 (1919); *see also Ghandi v. Police Dep't of City of Detroit*, 74 F.R.D. 115, 124 (D.C. Mich 1977).  However, this particular subpoena is far from being necessary to the administration of justice.  As discussed above, the irrelevance of the document request and Mr. Edwards' testimony, as well as the cumulative nature of the subpoena, makes even this seemingly low burden into an undue one, and an undue burden is grounds for quashal, Fed.R.Civ.P. 45(b)(1).

    For the reasons set forth above,

    NOW, THEREFORE, IT IS HEREBY ORDERED that Non-party Braylon J. Edwards' March 29, 2009 Motion to Quash a Subpoena is GRANTED for reason of undue burden.  IT IS FURTHER ORDERED that Non-party Braylon J. Edwards' request for costs and attorney fees is DENIED.


                                            s/Gerald E. Rosen  
                                            Chief Judge, United States District Court

Dated:  June 2, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 2, 2009, by electronic and/or ordinary mail.

                                            s/Ruth Brissaud  
                                            Case Manager